JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CIV 4225

---------------------------------------------------------------x
NEW VIEW GIFTS AND ACCESSORIES, LTD.          :
                                              :
            Plaintiff,                        :     Civil Action No.:
                                              :
      -against-                               :
                                              :
IDEA NUOVA, INC.                              :
                                              :
            Defendant.                        :
---------------------------------------------------------------x

RECEIVED
MAY 02 2008
U.S.D.C. S.D.N.Y.
CASHIERS

**COMPLAINT**

Plaintiff, New View Gifts and Accessories, Ltd. ("New View") by its attorneys, Fox Rothschild LLP, brings this action against Idea Nuova, Inc., LLC. ("Nuova") and complains and alleges as follows:

**NATURE OF ACTION**

1. New View is in the business of designing, importing, and manufacturing gifts and home décor accessories, including memo boards, picture frames, and photo albums, and has been in business since 1996. New View uses the name "French Memo Board" for a designer product that holds and displays photos, notes, mementos, and other accessory items. The trademark "French Memo Board" is a federal trademark registered with the United States Patent and Trademark Office. New View's trademark "French Memo Board" and trade dress (collectively the "New View's trademarks") are infringed by Defendant's use, advertising, marketing, and sales of a similar product that also displays photos, notes, mementos and other accessory items and uses the name "French Memo Board."

2. Defendant's unlawful use of New View's trademarks violates federal trademark laws, and various state laws. Further, Defendant's use of the trademarks has caused and is continuing to cause confusion among the public as to whether Defendant is a licensee or in some way associated with

New View. Defendant's unauthorized use of New View's trademarks causes substantial harm to New View's business, goodwill and reputation, and is designed to promote Defendant's business by taking unfair advantage of New View's intellectual property. New View is thus entitled to injunctive relief and monetary damages, including attorney's fees based on Defendant's willful, deliberate and reckless disregard of New View's trademark rights, and misuse of New View's trademarks.

## JURISDICTION AND VENUE

3.  Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22 (the "Lanham Act"), and involves Defendant's infringement and dilution of the federally registered and common law trademarks owned by New View, and Defendant's false designation of origin under 15 U.S.C. §1125(a). Pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 this Court has original jurisdiction over claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States, and there is a diversity of citizenship between the plaintiff and defendant and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act, as these claims are related to claims within the Court's original jurisdiction.

4.  This Court has personal jurisdiction over Defendant because Defendant is a citizen of this state and by virtue of its transacting, doing, and soliciting business in this district and because Defendants continue to offer goods and services that infringe and dilute the distinctive quality of New View's trademarks in this district.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b-d) because Defendant is subject to Personal Jurisdiction and a substantial portion of the events or acts complained of occurred within this district.

## THE PARTIES

6. Plaintiff, New View, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its office located at 311 East Baltimore Ave., Suite 300, Media, Pennsylvania 19063.

7. Upon information and belief, Defendant, Nuova, is a corporation organized and existing under the laws of the State of New York with its principal place of business at 302 Fifth Avenue 3rd Floor, New York, NY 10001.

## FACTS COMMON TO ALL CLAIMS

8. New View is in the business of developing, designing, selling and marketing specialty gifts and products in the giftware industry.

9. New View is a wholesaler that designs, imports, and manufactures gifts and home décor accessories, including but not limited to candles, candleholders, photo frames, photo albums, photo storage boxes, memo boards, cork boards, wall plaques, clocks, pillows, and wall décor, and distributes its products to major retailers nationwide.

10. New View is continually developing new products and modifying its existing products to remain an innovative leader in the giftware industry.

11. Since 1996 New View has developed an extensive reputation for gift accessories and has a number of federally registered trademarks for its various products.

12. New View distributes its products in interstate commerce throughout the United States.

13. New View has developed a gift product referred to as the French Memo Board product ("FMB"). This product consists of a memo board covered with colorful fabrics and with

ribbons that traverse the memo board. FMB provides for a display of mementos, such as pictures, photographs, memos, note cards, or similar items. (Exhibit A.)

14. New View designed specific packaging for FMB to prominently feature its brand and to provide a distinctive commercial allure and customer appeal, and to generate and build a favorable impression in the minds of consumers.

15. New View's FMB product and package designs are inherently distinctive or have acquired distinctiveness, and form an integral part of New View's marketing and image promotion campaigns. The packaging includes labels that simulate photos or other items that may be used on the memo board. Particular product features, such as sizing of the memo board, fabric coverings, buttons, and a ribbon pattern, are part of New View's display presentation.

16. The first use in commerce for the trademark "French Memo Board" occurred on September 20, 1999.

17. The marketplace received FMB with enthusiasm and it is a commercial success with over six million units sold across the country over the years, including sales through nationwide retailer chains such as Bed, Bath & Beyond, Linens 'N' Things, JC Penney, Burlington Coat Factory, Kohl's and the Christmas Tree Shops.

18. The application for federal registration of the trademark "French Memo Board" was filed with the United States Patent and Trademark Office (USPTO) on April 7, 2000 and the trademark registration issued on February 11, 2003 (Exhibit B).

19. The trademark "French Memo Board" has been in continuous use in commerce since at least as early as September 20, 1999.

20. Under 15 U.S.C. § 1065 (section 15 of the Lanham Act) a federally registered trademark in continuous use for five consecutive years obtains an "incontestability" status upon the registrant's filing of an affidavit.

21. On April 17, 2008, New View filed an affidavit of use under 15 U.S.C. § 1058 (section 8 of the Lanham Act) and an affidavit of incontestability under 15 U.S.C. § 1065 (section 15 of the Lanham Act) with the USPTO for the trademark "French Memo Board" (Exhibit C), and thus the trademark "French Memo Board" acquired the status of incontestability.

22. New View has invested a significant amount of time, effort and expense to design, manufacture, and market its memo board products under the trademark "French Memo Board," and the trademark is strongly associated with New View.

23. In the last year alone New View spent over $600,000 for development, promotions and advertisement for its memo board products under the trademark "French Memo Board."

24. New View has sold over six million memo boards throughout the United States over the years under the trademark "French Memo Board" and having New View's distinctive trade dress.

25. New View's goods and services are strongly associated with and identified by various trademarks, in particular the trademark "French Memo Board" since 1999, and over the years these trademarks have acquired an extensive reputation for representing high quality products and services.

26. Therefore, the use of the trademark "French Memo Board" in association with a New View's product acquires New View's general goodwill and reputation.

27. Over the years, New View spent a considerable amount of money and exercised great effort in advertising, promoting, and establishing its trademarks in the minds of consumers as

identifiers of New View's high quality products and services, and the trademarks symbolize the accumulation of considerable goodwill belonging exclusively to New View.

28. As a result of such efforts and successes, New View accumulated substantial recognition and goodwill in the trademark "French Memo Board" and FMB's trade dress. By virtue of the extensive use of New View's trademarks, its national sales via large retail chains, and the substantial sums New View spent to promote its trademarks, the trademarks acquired such goodwill that the public has come to associate them exclusively with New View, and to believe that these trademarks uniquely identify New View's high quality products and services.

29. Upon information and belief, Defendant, Nuova, promotes, advertises and sells similar products and services as New View.

30. Defendant infringes New View's federally registered trademark by prominently displaying the trademark "French Memo Board" on their memo board products.

31. Defendant's use and display of the term "Photo French Memo Board" on its products is confusingly similar to New View's "French Memo Board" and infringes New View's trademark.

32. Defendant's use and display of the term "Disney High School Musical French Memo Board" on its products is confusingly similar to the trademark "French Memo Board" and, thus, infringes New View's trademark

33. Defendant infringes New View's trade dress by selling products confusingly similar to the FMB.

34. Defendant promotes its own goods and services by associating New View's trademark "French Memo Board" with its products in a manner that implies an endorsement of those products by New View. (Exhibit D).

35. Upon information and belief, Defendant derives revenue throughout the United States through the sale of its products, including its memo board products, in retail stores and via online websites, such as www.amazon.com (Exhibit D).

36. New View's employee purchased Defendant's memo board product, prominently displaying New View's trademark "French Memo Board" and trade dress, in Florida at a Disney World Parks.

37. Defendant's memo board is covered with fabric and includes the transverse ribbon pattern and buttons. Defendant's memo board is designed, displayed, and packaged to be similar to the trade dress of New View's memo board and its packaging.

38. Defendant's use of the trademark "French Memo Board" and New View's trade dress is without New View's expressed or implied authorization.

39. Defendant is capitalizing on New View's goodwill and reputation to enhance the promotion and sales of its own products and services for commercial purposes and financial gain.

40. Upon information and belief, Defendant intends not only to frustrate New View's ability to market and promote its goods and services, but also to capitalize on New View's goodwill and reputation by fostering the appearance that New View is licensing, endorsing, authorizing, sponsoring or is in some way associated with Defendant's activities.

41. Defendant displays on its memo board product New View's trademark in a bold large font on the label attached to the packaging (Exhibit E).

42. Upon information and belief, Defendant's memo board trade dress was intentionally designed to be similar to New View's memo board trade dress to take advantage of New View's goodwill and reputation and to confuse the public as to the source of the product.

43. Although Defendant's name, Idea Nuova, Inc., appears on the rear of the label attached to memo board packaging, it is not conspicuously placed, and is printed in a significantly reduced font size.

44. The public is likely to falsely conclude that Defendant's memo board is New View's product or that New View sponsors Defendant's product, or that there is a relationship between Defendant and New View.

45. Defendant's advertising and promotional activities are further likely to confuse the public that the trademark "French Memo Board" is associated with the Defendant and that New View authorizes or endorses Defendant's goods and services.

46. Upon information and belief, Defendant continues to make substantial sales of goods and services, including products using the terms "Photo French Memo Board," in the United States.

47. Defendant's infringement of New View's rights in the trademark "French Memo Board" and the FMB's trade dress has been and continues to be knowing, willful and egregious, and constitutes an intentional and reckless disregard of New View's trademark rights.

48. Defendant's wrongful conduct has caused and is continuing to cause New View to suffer monetary damages in an amount to be determined at trial.

49. Further, Defendant's wrongful conduct is causing New View immediate and irreparable injury and will continue to cause New View irreparable injury and unfairly benefit Defendant unless enjoined by this Court.

50. New View has no adequate remedy at law against Defendant's continued unlawful use of New View's trademarks.

51. Upon information and belief, Defendant undertakes their infringing activities for profit, as a business venture.

52. New View has been, and continues to be injured by Defendant's unlawful acts within the United States and within this judicial district.

53. Upon information and belief, Defendant performs the acts complained of herein willfully and with knowledge of the infringement and dilution they would cause, and with intent to cause confusion, mistake, or deception, and to misappropriate and unfairly trade upon New View's extensive reputation and goodwill.

54. Upon information and belief, Defendant's use of New View's trademarks in the manner described above already has led, and is likely to continue to lead the public to believe that Defendant is sponsored by or is affiliated with New View, or that New View has granted Defendant permission to use its coveted trademarks.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1116 and 1117

55. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

56. New View's federal registration and extensive use and promotion of the trademark "French Memo Board" has established a strong association in the minds of the public between the trademark "French Memo Board" and New View's goods and services.

57. Defendant's unauthorized and unlicensed use of New View's trademark "French Memo Board," in the manner described above, is likely to cause confusion and mistake, and to deceive consumers as to the source or origin of Defendant's goods and services.

58. Without New View's authorization or consent, Defendant has copied and produced a similar product to New View's memo board design and used New View's trademark on its memo boards for use with their sales, distribution, or advertisement for commercial gain.

59. Defendant's acts infringe New View's trademark "French Memo Board," with consequent damage to New View's business and goodwill symbolized by the federally registered trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60. Defendant's acts have been willful, deliberate, and intended to benefit Defendant at New View's expense.

61. New View has suffered monetary damages as a result of Defendant's unlawful acts in an amount to be determined at trial.

62. Defendant's acts of trademark infringement have caused and are continuing to cause great irreparable injury to New View, to the trademark "French Memo Board", and to the business and goodwill represented by the trademark, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving New View with no adequate remedy at law.

63. By reason of the foregoing, New View is entitled to injunctive relief against Defendant and, after trial, to recover any damages proven to have been caused by reason of Defendant's acts of Trademark infringement.

64. This is an exceptional case under 15 U.S.C. § 1117.

## COUNT II

### COMMON LAW TRADE DRESS INFRINGEMENT

65. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

66. New View's use and promotion of FMB's trade dress has established a strong association in the minds of the public between FMB's trade dress and New View's goods and services.

67. Defendant's unauthorized and unlicensed use of New View's trade dress in the manner described above is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendant's goods and services.

68. The acts of Defendant infringe New View's trade dress, with consequent damage to New View and its business and goodwill symbolized by this trade dress.

69. Defendant's acts of trade dress infringement have caused and are continuing to cause great and irreparable injury to New View, to FMB's trade dress, and to the business and goodwill represented by the trade dress, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving New View with no adequate remedy at law.

70. By reason of the foregoing, New View is entitled to injunctive relief against Defendant and, after trial, to recover any damages proven to have been caused by reason of Defendant's acts of trade dress infringement.

## COUNT III

### FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. §1125(c)

71. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

72. The trademark "French Memo Board" is a famous mark used in interstate commerce in the United States. Among other things, (a) the trademark is highly distinctive and has a high degree of acquired distinctiveness; (b) New View has used the trademark to represent one of it's best selling products since 1999, for almost 9 years throughout the United States, in connection with its goods and services; (c) New View has advertised and publicized the trademark for a considerable

amount of time throughout the United States; (d) New View has used the trademark in a trading area of broad geographical scope encompassing all of the states of the United States; (e) the trademark has an extremely high degree of recognition among consumers; (f) the trademark is registered under the Lanham Act on the Principal Register.

73. Defendant's acts dilute, tarnish, and detract from the distinctiveness of New View's trademark "French Memo Board," with consequent damage to New View, the trademark and business and goodwill symbolized by the trademark, in violation of the Federal Trademark Dilution Act of 1995, codified at 15 U.S.C. § 1125(c).

74. Defendant's misuse, disparagement and tarnishment of the trademark "French Memo Board," for the purpose of advertising, promoting and offering Defendant's own goods and/or services, constitutes dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

75. Defendant's willful acts of trademark dilution have caused and are continuing to cause great and irreparable injury to New View, the trademark, and to the business and goodwill represented by the trademark, in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving New View with no adequate remedy at law.

76. By reason of the foregoing, New View is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by reason of Defendant's willful acts of trademark dilution.

77. Defendant's conduct is knowing, intentional, malicious, deliberate, willful, wanton, reckless and egregious and is being preformed with the intent to cause confusion, mistake or deception and to injure New View.

78. This case is exceptional under 15 U.S.C. § 1117(a) based on the willful, intentional and egregious acts committed by Defendant.

## COUNT IV

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

79. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

80. Defendant's use of New View's trademark and trade dress in the manner described above is likely to cause consumers to mistakenly believe that Defendant has an affiliation with New View, or that Defendant's goods and/or services are sponsored or approved by New View, or that Defendant is otherwise associated with or has obtained permission from New View.

81. Defendant's unlawful conduct constitutes unfair competition and false designation of origin or sponsorship in violation of the section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82. Defendant's willful, deliberate and intentional acts are designed to benefit the Defendant at New View's expense.

83. New View has suffered monetary damages as a result of Defendant's unlawful acts in an amount to be determined at trial.

84. Defendant's acts of unfair competition and false designation of origin have caused and are continuing to cause irreparable injury to New View's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving New View with no adequate remedy at law.

85. This is an exceptional case under 15 U.S.C. § 1117(a).

86. By reason of the foregoing, New View is entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused by Defendant's acts of false designation of origin.

## COUNT V

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK STATE LAW

87. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

88. The acts of Defendants as described above constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the common law of the State of New York and N.Y. Gen. Bus. Law § 368-e.

## COUNT VI

## TRADEMARK DILUTION UNDER NEW YORK STATE LAW

89. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

90. The trademark "French Memo Board" is a famous mark used in interstate commerce in the United States and the State of New York.

91. The acts of Defendants as described above are likely to dilute and detract from the distinctiveness of Plaintiff's trademark, with consequent damage to Plaintiff and the business and goodwill symbolized by Plaintiff's trademark, in violation of New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 368-d.

## COUNT VII

## DECEPTIVE ACTS AND PRACTICES

92. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

93. Defendant's acts are likely to cause consumers to mistakenly believe that Defendant has an affiliation with New View, or that Defendant's goods and/or services are sponsored or approved

by New View, or that Defendant is otherwise associated with or has obtained permission from New View to use New View's trademarks.

94. Defendant's use of New View's trademark and trade dress in the manner described above is likely to harm consumers by causing them to mistakenly acquire Defendant's products believing that they are acquiring New View's products.

95. Accordingly, Defendant's acts constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§349-350.

## COUNT IX

## COMMON LAW UNFAIR COMPETITION

96. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

97. Defendant's use of New View's trademark and trade dress in the manner described above is likely to cause consumers to mistakenly believe that Defendant has an affiliation with New View, or that Defendant's goods and/or services are sponsored or approved by New View, or that Defendant is otherwise associated with or has obtained permission from New View.

98. Defendant is infringing New View's trademarks by unlawful and unauthorized use of New View's trademarks.

99. Defendant is unfairly competing with New View's business by selling their products with the unlawful use and display of New View's trademarks, and thus.

100. Defendant has misappropriated New View's trademarks to unfairly compete in the marketplace by the association of New View's trademarks with Defendant's memo boards.

101. Defendant is unfairly competing with New View by associating their product with New View's trademarks and interfering with New View's prospective contractual relationships with its customers.

102. Defendant's unauthorized use of New View's trademarks is diverting New View's customers and potential customers to buying Defendant's products.

103. Defendant's conduct has injured and unless restrained will continue to injure New View, causing irreparable harm to New View as well as monetary damages in an amount to be determined at trial.

104. There is no adequate remedy at law to fully compensate New View for the injury that has been, and continues to be caused by Defendant's wrongful conduct, unless this conduct is enjoined by this Court.

105. Defendant's unlawful and wrongful conduct was knowing, willful, deliberate, malicious and intended to injure New View. Therefore, New View is entitled to recover punitive and exemplary damages from Defendant in an amount to be determined at trial.

## COUNT X

### UNJUST ENRICHMENT

106. New View repeats, re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint.

107. Defendant's use of the trademark "French Memo Board" and FMB's trade dress in the manner described above is likely to cause consumers to mistakenly believe that the Defendant has an affiliation with New View, or that Defendant's goods and services are sponsored or approved by New View, or that Defendant is otherwise associated with or has obtained permission from New View. Upon

information and belief, Defendant has been or will be enriched at New View's expense by its unauthorized and unlicensed use of New View's trademarks.

108. Any enrichment that Defendant has received or will receive from its use of New View's trademarks is a result of Defendant's unauthorized use of the trademarks. Accordingly, any such enrichment is unjust and should, in equity and good conscience, be returned to New View.

109. As a result of Defendant's unauthorized and unlicensed use of New View's trademarks, New View has been, and will continue to be, irreparably harmed unless the Defendant, and all persons or entities acting on Defendant's behalf, in concert with Defendant or as its agents, are permanently enjoined from using New View's trademarks. New View has no adequate remedy at law.

110. As a result of Defendant's unauthorized and unlicensed use of New View's trademarks, Defendant has been unjustly enriched at the expense of New View in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, New View respectfully requests this Court to enter judgment in its favor as follows:

A.  Declare that Defendant's unauthorized conduct violates New View's rights under the Lanham Act and New York State Law.

B.  Enjoin Defendant, their agents, officers, directors, principals, servants, employees, representatives, attorneys, subsidiaries, affiliates, related companies, successors, assigns, and all others acting in concert or participation with them from further infringing or otherwise violating New View's rights and from:

(1) using New View's trademarks, including the trademark "French Memo Board" or the trade dress of the "French Memo Board", or any other trademarks owned by New

View and any designation that includes the trademark "French Memo Board" or the trade dress of the "French Memo Board," or any confusingly similar trademarks or designation;

(2) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public, or to lead consumers into the belief that products or services sold, offered for sale, or distributed by Defendant are authorized, sponsored, licensed, endorsed, promoted, or condoned by New View, or are otherwise affiliated with or connected to New View;

(3) diluting in any way New View's trademarks or representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by Defendant are offered, provided by, or approved by New View, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such products and services;

(4) otherwise competing unfairly with New View in any manner;

(5) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(6) aiding any other party in doing any acts prohibited by this paragraph.

C. Direct Defendant to provide a complete accounting of all profits received from Defendant's use of New View's trademarks.

D. Direct Defendant to terminate any use of New View's trademarks on Defendant's website or any other Internet site under Defendants' control (e.g., Amazon.com) and to enjoin Defendant from using any identical or confusingly similar mark to New View's trademarks on any of Defendant's promotions or advertisements on any medium and provide for statutory damages.

E. Order Defendant to pay all actual damages suffered by New View as a result of Defendant's unauthorized and unlawful use of the trademark "French Memo Board" and New View's trade dress in an amount to be determined at trial.

F. Order Defendant to account to New View for Defendant's profits and any damages sustained by New View arising from Defendant's acts of trademark infringement, trademark dilution, and unfair competition, and order that New View be awarded the greater of (i) three times Defendant's profits or (ii) three times any damages sustained by New View, under 15 U.S.C. § 1117, plus prejudgment interest.

G. Order Defendant to pay New View enhanced damages for their fraud, malice, egregious, reckless, wanton, intentional or gross negligence, whether grounded on proof of actual damages incurred by New View or on proof of Defendant's unjust enrichment;

H. Award New View its costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and investigative expenses, on the ground that this is an exceptional case under 15 U.S.C. § 1117; and

I. Award New View such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

New View hereby demands a trial by jury on all issues so triable.

                                        FOX ROTHSCHILD LLP
                                        New York, New York

Dated: May 2, 2008            _____
                                        Gerard Bilotto (GB8364)
                                        Daniel F. Coughlin
                                        FOX ROTHSCHILD, LLP
                                        100 Park Avenue, Suite 1500
                                        New York, NY 10017
                                        Tel: 212 878-7900
                                        Fax: 212 878-0940
                                        gbilotto@foxrothschild.com

                                        Attorneys for Plaintiff
                                        New View's Company Corp.